# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

## NO. 23-2028

---

Peysaitr, et al.,

Appellants,

v.

Nifty Home Products, Inc.

Appellee

---

### Corrected Appellants' Brief and Required Attachments

---

Appeal from the Order of the Unites States District Court for the Western District of Pennsylvania dates and entered May 5, 2023, denying Appellants' Motion to Vacate Default Judgement at 22-cv-00994 per Schwab, J.

Thomas E. Reilly
Thomas E. Reilly P.C.
1468 Laurel Drive
Sewickley, PA 15143
(724) 933-3500
tereilly@tomreillylaw.com

# Table of Contents

**I.**      Statement of Jurisdiction      1

    **a.** Subject Matter Jurisdiction      1

    **b.** Appellate Jurisdiction      1

**II.**     Statement of the Issues      1

**III.**    Related Cases and Proceedings      1

**IV.**     Concise Statement of the Case      1

**V.**      Summary of the Argument      3

**VI.**     Argument      3

    **a.** Standard of Review for the Issues on Appeal      3

    **b.** The District Court lacks personal jurisdiction over      3

    Appellants.

    **c.** A single purchase initiated by a plaintiff (Appellee) for the      4

    sole purpose of creating personal jurisdiction is insufficient

    to show Appellants purposefully availed themselves of the

    privilege of conducting business in Pennsylvania.

**VII.**    Conclusion      15

**VIII.**   Combined Certifications      17

    **a.** Bar Membership      17

**b.**  Word Count                                                            17

**c.**  Identical Compliance of Briefs and Virus Check        17

# Table of Authorities

## Cases

Allaham v. Naddaf, 635 F. App'x 32, 36 (3d Cir. 2015)...........................................3

Blackburn v. Walker Oriental Rug Galleries, Inc., 999 F.Supp. 636, 639 (E.D.Pa.1998)..........................................................................................7

Boppy Co. v. Luvee Prod. Corp., 2004 WL 2608265, at *5 (D. Colo. May 25, 2004) ...........................................................................................11

Bros. & Sisters in Christ, LLC v. Zazzle, Inc., 42 F.4th 948, 953 (8th Cir. 2022)....9

Budget Blinds, Inc. v. White, 536 F.3d 244, 261 (3d Cir. 2008) ............... 12, 13, 14

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) .....................................9, 13

Corigliano v. Classic Motor, Inc., 611 F. App'x 77, 79-80 (3d Cir. 2015) ...............5

Curry v. Revolution Lab'ys, LLC, 949 F.3d 385 (7th Cir. 2020) ............................14

Edberg v. Neogen Corp., 17 F. Supp. 2d 104, 112 (D. Conn. 1998) .......................11

Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 142-43 (4th Cir. 2020)......................10

Getagadget, L.L.C. v. Jet Creations Inc., 2022 WL 964204 at *4 (5th Cir. Mar. 30, 2022) ............................................................................................10

Guidecraft, Inc. v. OJCommerce, LLC, 2019 WL 2373440 at *5-6 (W.D. Pa. May 20, 2019) ..........................................................................................8

Harris v. Sportbike Track Gear, 2015 WL 5648710, at *5-6 (D.N.J. Sept. 24, 2015) ...........................................................................................................7

Hershey Co. v. Pagosa Candy Co., 2008 WL 1730538 at *7 (M.D. Pa. Apr. 10, 2008) ...........................................................................................6

Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984).......................................3

IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998) ....................4

ISI Brands, Inc. v. KCC Int'l, Inc., 458 F. Supp. 2d 81, 88 (E.D.N.Y. 2006) ..........12

Kindig It Design, Inc. v. Creative Controls, Inc., 157 F. Supp. 3d 1167 (D. Utah 2016) .........................................................................................12

McGillvary v. Grande, 2022 WL 1442241, at *4 (D.N.J. May 6, 2022)..................7

Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992) 4

Millennium Enterprises, Inc. v. Millennium Music, LP, 33 F. Supp. 2d 907, (D. Or. 1999) .........................................................................................12

Mon Aimee Chocolat, Inc. v. Tushiya, LLC, 2015 WL 2232270 at *4-5 (W.D. Pa. May 12, 2015)..................................................................................6

Murphy v. Humboldt Clothing Co., 2021 WL 307541 at *4  (W.D. Pa. Jan. 29, 2021) ...........................................................................................6

NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 624-25 (7th Cir. 2022) ............8, 9

NexLearn, LLC v. Allen Interactions, Inc., 859 F.3d 1371, 1378 (Fed. Cir. 2017).11

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) ...................4

Power Invs., LLC v. SL EC, LLC, 927 F.3d 914, 918 (6th Cir. 2019) ....................10

QR Spex, Inc. v. Motorola, Inc., 507 F. Supp. 2d 650, 661 (E.D. Tex. June 18, 2007) .........................................................................................................................11

Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) .......................................4, 5

Rice v. Karsch, 154 F. App'x 454, 462-64 (6th Cir. 2005) .....................................10

Sennheiser Elec. Corp. v. Evstigneeva, No. 11-cv-07884, Dkt. 13, at *4 (C.D. Cal. June 29, 2012) .......................................................................................................11

Sunline USA, LLC v. Glove King, LLC, 2022 WL 16696069 at *5 (E.D. Pa. Nov. 3, 2022) .................................................................................................................7

Talisman Designs, LLC v. Dasani, et al., No. 20-cv-1084, slip op., p. 2 (W.D. Pa. Oct. 13, 2020) ................................................................................................. 12, 14

Thermolife Int'l, LLC v. Prosource Performance Prod., 2015 WL 9480023, at *5 (D.N.J. Dec. 29, 2015) ...........................................................................................7

Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003) .. 5, 8, 14, 15

Trek Bicycle Corp. v. Trek Winery LLC, 93 U.S.P.Q. 2d 2001, 2010 WL 744252 (W.D. Wisc. 2010).................................................................................................12

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir.1984) 3

Utz Quality Foods, LLC v. Dirty S. BBQ Co., LLC, 2020 WL 4334903 at *2 (E.D. Pa. July 28, 2020) ................................................................................................6

**Statutes**

17 U.S.C. § 101 ...............................................................................................................1

28 U.S.C. § 1331 ............................................................................................................1

28 U.S.C. § 1338 ............................................................................................................1

# I. **Statement of Jurisdiction**

## a. **Subject Matter Jurisdiction**

This Court has jurisdiction over this matter pursuant to 17 U.S.C. § 101, et seq., and 28 U.S.C. §§ 1331, 1338(a)-(b).

## b. **Appellate Jurisdiction**

This Court has jurisdiction over this matter in that this is an appeal of the Order of May 5, 2023, of the United States District Court for the Western District of Pennsylvania, per Schwab, J., that denied Appellants' Motion to Vacate.

# II. **Statement of the Issues**

Does an e-commerce reseller operating a publicly accessible, online storefront purposefully direct its activities toward a forum where the only commercial transaction with the forum is one that is initiated by a plaintiff in advance of litigation?  Appx66.

# III. **Related Cases and Proceedings**

The pending appeal 23-1332 has been consolidated with this appeal, both appeals stemming from the United States District Court for the Western District of Pennsylvania, No. 2-22-cv-00994.  To counsel's knowledge, there are no other related cases or proceedings that are before any other court or agency, state or federal.

# IV. **Concise Statement of the Case**

Defendants-Appellants challenge the District Court's personal jurisdiction over them. Plaintiff-Appellee brought copyright infringement claim against a group of e-commerce merchants which operated online ecommerce storefronts on the Walmart.com marketplace. Appx14.

Appellee's complaint alleges that Appellants had "purposefully directed some portion of their illegal activities towards consumers in the Commonwealth of Pennsylvania through the advertisement, offer to sell, sale, and/or shipment of Infringing Products into the Commonwealth." Appx112.

The only documented sale into Pennsylvania by each Appellant was made to Appellee as a test purchase before their filing of the case. Aside from each single purchase, Appellants had never sold or shipped any product to Pennsylvania, and Appellants never owned, leased or utilized offices in Pennsylvania or advertised, or had any agents, employees, or contractors in Pennsylvania. Appx628-Appx753.

Appellants moved to vacate the default judgment against them because it was void based on the improper exercise of personal jurisdiction. Appx578-Appx612. The District Court denied the motion to vacate the default judgment and found that personal jurisdiction is not lacking due to Appellants' single sale of the product to Appellee as a "test-buy" and the state of Illinois. Appx66. Appellants timely filed a notice of appeal on June 2, 2023. Appx1-Appx4.

**V. <u>Summary of the Argument</u>**

The District Court did not have personal jurisdiction over Appellants because a single purchase orchestrated by Appellee for the purpose of litigation is an insufficient basis for the District Court to find personal jurisdiction.

## VI.    Argument

### a.  Standard of Review for the Issues on Appeal

The Third Circuit does not favor entry of default or default judgments, but rather has a preference that cases be disposed on the merits.  *See*, Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir.1984) (stating that the Third Circuit "does not favor entry of defaults or default judgments.").  If a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will deemed void and must be vacated.  Allaham v. Naddaf, 635 F. App'x 32, 36 (3d Cir. 2015).  Court exercises de novo review over a district court's dismissal for lack of personal jurisdiction.  Id. at 35. Factual findings made by a district court in determining personal jurisdiction are reviewed for clear error.  Id.

### b.  The District Court lacks personal jurisdiction over Appellants.

Plaintiff has the burden of establishing personal jurisdiction, and a Court may exercise personal jurisdiction over a non-resident defendant only when

consistent with the requirements of the Fourteenth Amendment's Due Process Clause. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998). In Pennsylvania, the state statutory and federal constitutional analyses merge. Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992). Constitutional due process requires that this Court determine whether a defendant has sufficient minimum contacts with Pennsylvania such that the maintenance of this action comports with "traditional notions of fair play and substantial justice." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). A court may exercise personal jurisdiction over a defendant only if (1) the defendant purposefully directed its activities at the forum; (2) the litigation arose out of or relate to at least one of those forum directed activities; and, (3) the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007).

   **c. A single purchase initiated by a plaintiff (Appellee) for the sole purpose of creating personal jurisdiction is insufficient to show Appellants purposefully availed themselves of the privilege of conducting business in Pennsylvania.**

   To be subject to the specific jurisdiction of a court, the defendant must have "purposefully availed itself of the privilege of conducting activities within the forum." Corigliano v. Classic Motor, Inc., 611 F. App'x 77, 79-80 (3d Cir. 2015).

The Third Circuit has cautioned that "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003); Remick, 238 F.3d at 259 n. 3 (the "mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction."); Kloth v. S. Christian Univ., 320 F. App'x 113, 116 (3d Cir. 2008 )("although SCU certainly could have foreseen that students from Delaware, or any other state, might choose to participate in their distance learning program because the Web site is accessible to a nationwide (indeed, global) audience, this foreseeability alone cannot satisfy the purposeful availment requirement."). Rather, there must be evidence that the defendant "purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts. Id.

Toys "R" Us presented facts nearly identical to the current case and is instructive as to the "purposefully availed" requirement. The defendant in Toys "R" Us operated a commercially interactive website that sold goods infringing plaintiff's trademark. Toys "R" Us, 318 F.3d at 454. The defendant made two sales to the forum through their commercial website to affiliates of plaintiff, yet the court held that this was insufficient to establish specific jurisdiction over defendant. Id. at 455. Following, Courts within this circuit have repeatedly ruled

that a defendant's operation of an interactive website along with evidence of a sale within the forum state that is "orchestrated" by the plaintiff is insufficient to establish specific jurisdiction.  *See*, Utz Quality Foods, LLC v. Dirty S. BBQ Co., LLC, 2020 WL 4334903 at *2 (E.D. Pa. July 28, 2020) (finding sale into forum that was "orchestrated" by Plaintiff's counsel along with the "mere operation of a commercially interactive website" does not constitute purposeful availment); Murphy v. Humboldt Clothing Co., 2021 WL 307541 at *4  (W.D. Pa. Jan. 29, 2021) ("a sale within the forum state that is 'orchestrated' by the plaintiff for the purpose of litigation does not show the type of 'purposeful availment' that is necessary for the existence of personal jurisdiction."); Mon Aimee Chocolat, Inc. v. Tushiya, LLC, 2015 WL 2232270 at *4-5 (W.D. Pa. May 12, 2015) (finding no personal jurisdiction where defendant operated interactive website and plaintiff's counsel placed order for allegedly infringing product); *see also*, Hershey Co. v. Pagosa Candy Co., 2008 WL 1730538 at *7 (M.D. Pa. Apr. 10, 2008) ("The fact that the [defendant's] web site lists Pennsylvania as one in a list of general shipping destinations, standing alone, does not demonstrate the purposeful availment of doing business in Pennsylvania."); Blackburn v. Walker Oriental Rug Galleries, Inc., 999 F.Supp. 636, 639 (E.D.Pa.1998) ("[c]reating a Web Site may be felt nation or even world-wide, but without more, it is not an act purposefully directed toward the forum."); Sunline USA, LLC v. Glove King, LLC, 2022 WL

16696069 at *5 (E.D. Pa. Nov. 3, 2022) (noting that "merely advertising a product online is not sufficient to establish specific jurisdiction" and finding no specific jurisdiction since there was no evidence supporting that the advertising was targeted towards Pennsylvania residents); McGillvary v. Grande, 2022 WL 1442241, at *4 (D.N.J. May 6, 2022) ("[T]he Third Circuit has cautioned that the mere posting of information or advertisements on an internet website, without express aim at a forum, does not confer ... personal jurisdiction."); Thermolife Int'l, LLC v. Prosource Performance Prod., 2015 WL 9480023, at *5 (D.N.J. Dec. 29, 2015) (the fact that New Jersey appeared as a shipping option in the drop-down menus or could be manually entered as a shipping option on the defendants' websites was insufficient to show that foreign defendants had specifically targeted New Jersey with their websites); Harris v. Sportbike Track Gear, 2015 WL 5648710, at *5-6 (D.N.J. Sept. 24, 2015) (rejecting plaintiff's assertion of personal jurisdiction that was based on, among other things, the defendant's use of "cookies" on its website to keep track of consumer's shopping cart contents, store delivery addresses, and other personal details and defendant's use of social media platforms, including Facebook, Twitter, Instagram, and Youtube, to market its products and solicit business from potential customers throughout the world); Guidecraft, Inc. v. OJCommerce, LLC, 2019 WL 2373440 at *5-6 (W.D. Pa. May 20, 2019) (denying specific personal jurisdiction and noting that defendant did not

direct its website towards forum simply because it allowed users to select products, add them to their carts, and purchase them directly through the website).

Despite Appellants citing to and providing arguments from Toys "R" Us in their brief, the District Court incorrectly stated that "the United States Court of Appeals for the Third Circuit has not yet considered specific jurisdiction arguments in the context of an online infringement case." Appx64. Following this mistaken belief, the District Court considered and relied on the non-precedential NBA Properties case from the Seventh Circuit, which held that the lower court there properly maintained specific jurisdiction over a non-resident Defendant based on their maintenance of an interactive website and shipment of a single infringing product to plaintiff's agent in the forum. NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 624-25 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 577, 214 L. Ed. 2d 341 (2023). Notably, this holding directly contradicts the precedential Third Circuit authority from Toys "R" Us which ruled that a defendant's sale and shipment of two infringing product through their interactive commercial website to affiliates of plaintiff in the forum was insufficient to establish specific personal jurisdiction over the defendant. Toys "R" Us, Inc. Toys "R" Us also implicitly rejected the notion that a plaintiff can artificially "manufacture" a sale on defendant's commercial website to create personal jurisdiction, like the plaintiff in NBA Properties did, or as Appellee has done in the current case. Id. Specifically, the

Third Circuit found that "the record may not now support a finding that [defendant] knowingly conducted business with residents of [the forum]" where defendant merely operated a commercial website and "[t]he only documented sales to persons in the United States are the two contacts orchestrated by [plaintiff]." Id. at 454. The Third Circuit also opined that "the two documented sales [to affiliates of plaintiff] appear to be the kind of 'fortuitous,' 'random,' and 'attenuated' contacts that the Supreme Court has held insufficient to warrant the exercise of jurisdiction." Id., *citing*, Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

Furthermore, the Fifth, Sixth, and Eighth Circuits have also reached similar conclusions that the mere operation of an interactive website with one or two sale(s) to the Plaintiff or someone associated with them cannot meet the "minimum contact" requirement. For instance, the Eighth Circuit declined to exercise specific personal jurisdiction over a nonresident defendant operating a commercial website based on a single sale to the forum to someone connected to the plaintiff. Bros. & Sisters in Christ, LLC v. Zazzle, Inc., 42 F.4th 948, 953 (8th Cir. 2022) ("All [plaintiff] alleges is that a Missouri consumer accessed [defendant's] nationally available website and purchased a shirt. [Plaintiff] has thus failed to show that [defendant] deliberately reached out beyond its home, or that the single alleged contact was anything more than 'random, isolated, or fortuitous.'"). Similarly, the Fifth Circuit declined to exercise jurisdiction over a nonresident defendant

operating a commercial website based on two sales that were made to plaintiff's attorney, and noted that plaintiff's "use of sales to its own counsel as a basis for personal jurisdiction is 'particularly problematic.'" Getagadget, L.L.C. v. Jet Creations Inc., 2022 WL 964204 at *4 (5th Cir. Mar. 30, 2022).

Moreover, the Sixth Circuit has also found that "[a] single deal with an in-forum resident also does not by itself suffice" to confer jurisdiction." Power Invs., LLC v. SL EC, LLC, 927 F.3d 914, 918 (6th Cir. 2019). Particularly, a nonresident defendant's response to communications initiated by plaintiff constituted the "unilateral activity of a plaintiff" that did not suffice to create personal jurisdiction. Id., citing, Rice v. Karsch, 154 F. App'x 454, 462-64 (6th Cir. 2005); See, Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 142-43 (4th Cir. 2020) (noting that plaintiff fell into the trap of "focus[ing] much of their attention on the fact that the website includes South Carolina as an option in the drop-down menu used by customers to select their state of residence when making reservations. South Carolina's inclusion in a list of every other state in the country (and every other country in the world) shows that Marriott was willing to accept reservations from South Carolina residents, but it does not show that Marriott was targeting South Carolina residents through its website."); NexLearn, LLC v. Allen Interactions, Inc., 859 F.3d 1371, 1378 (Fed. Cir. 2017) ("Allen's inclusion of Kansas in its dropdown of all states on its website is not enough to subject Allen to jurisdiction in Kansas. Allen's address

selector may indicate its amenability to selling ZebraZapps to Kansas residents, but it does not establish minimum contacts arising out of or related to the infringement claim."); *See also*, <u>Sennheiser Elec. Corp. v. Evstigneeva</u>, No. 11-cv-07884, Dkt. 13, at *4 (C.D. Cal. June 29, 2012) (sua sponte, the Court ordering plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction where the only forum sale was to the plaintiff); <u>Boppy Co. v. Luvee Prod. Corp.</u>, 2004 WL 2608265, at *5 (D. Colo. May 25, 2004) ("the single sale of a Luvee pillow in Colorado to Boppy's counsel is an insignificant contact for purposes of assessing personal jurisdiction."); <u>Edberg v. Neogen Corp.</u>, 17 F. Supp. 2d 104, 112 (D. Conn. 1998) ("[o]nly those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral acts of the plaintiff, should be considered for due process purposes. To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, regardless of how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state."); <u>QR Spex, Inc. v. Motorola, Inc.</u>, 507 F. Supp. 2d 650, 661 (E.D. Tex. June 18, 2007) (two purchases made at initiative of the plaintiff's investigator constituted (insufficient) unilateral activity by the plaintiff); <u>Kindig It Design, Inc. v. Creative Controls, Inc.</u>, 157 F. Supp. 3d 1167 (D. Utah 2016) (finding no personal jurisdiction where defendant operated an interactive website and made one sale to the forum that was "orchestrated" by

plaintiff); <u>Trek Bicycle Corp. v. Trek Winery LLC</u>, 93 U.S.P.Q. 2d 2001, 2010 WL 744252 (W.D. Wisc. 2010) (where sale to spouse of plaintiff's employee disregarded when it occurred only because plaintiff sought out defendant.); <u>Millennium Enterprises, Inc. v. Millennium Music, LP</u>, 33 F. Supp. 2d 907, (D. Or. 1999) (The fact that the plaintiff arranged a sale to an Oregon resident does not count: "Defendants cannot be said to have 'purposefully' availed themselves of the protections of this forum, when it was an act of someone associated with plaintiff, rather than defendants' Web site advertising that brought defendants' product into this forum."); <u>ISI Brands, Inc. v. KCC Int'l, Inc.</u>, 458 F. Supp. 2d 81, 88 (E.D.N.Y. 2006) (Florida defendant's only contact with the state of New York was as a result of the two orders placed by plaintiff. Case dismissed for lack of personal jurisdiction.).

The District Court Opinion also cites to <u>Talisman Designs, LLC v. Dasani, et al.</u>, No. 20-cv-1084, slip op., p. 2 (W.D. Pa. Oct. 13, 2020), which includes the three part test to determine whether jurisdiction is proper as articulated in <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 261 (3d Cir. 2008). However, <u>Budget Blinds</u> in fact provides further support for the fact that a trademark owner cannot "orchestrate" a sale from a commercial online storefront and then rely on that sale as the basis for filing suit. In <u>Budget Blinds</u>, the defendant and the forum-based plaintiff entered into a settlement agreement that was negotiated over the phone

and mail with the forum-based plaintiff remaining in the forum state. Id., 536 F.3d at 261. The Third Circuit noted that this was insufficient to support a finding of minimum contacts with the forum state and noted an "important distinction" between the negotiations in Burger King, because "the Burger King defendant actively sought contract negotiations with a company based in the forum state, whereas the [Budget Blinds defendant] did not reach out to anyone in [the forum state] until [Plaintiff] threatened litigation." Id. Moreover, the Third Circuit rejected the argument that defendant established minimum contacts by accepting plaintiff's settlement payment which was wired from a forum state bank to defendants. Id. The Third Circuit noted that although the defendant accepted payment from a bank account located in the forum state in exchange for accepting the settlement agreement, "[defendant] had not directed any activities towards [the forum state] before [plaintiff] contacted her" thus there was no purposeful availment. Id.

Similarly, in the current case Appellants did not *reach out* or conduct business regarding the accused product with anyone in Pennsylvania until Appellee purchased an accused product to manufacture jurisdiction, and, although, like the defendant in Budget Blinds, Appellant accepted payment in exchange for their accused products, "[defendant] had not directed any activities towards [the forum

state] before [plaintiff] contacted [Appellees]" thus there was no purposeful availment.

Notably, in making its ruling, the <u>Dasani</u> Court completed no analysis of <u>Budget Blinds</u> or <u>Toys "R" Us</u>, but instead relied on the nonprecedential Seventh Circuit case of <u>Curry</u> in its ruling, like the District Court did in the current case. However, <u>Curry</u> is clearly distinguishable from the current case, as the <u>Curry</u> defendant admittedly sold products to 767 residents in the forum state, which the Seven Circuit held "provides solid evidence that [defendant] has 'purposely exploited the Illinois market.'" <u>Curry v. Revolution Lab'ys, LLC</u>, 949 F.3d 385 (7th Cir. 2020). Conversely, Appellants each only made a single sale into the forum which was "orchestrated" by Appellant for the purpose of creating personal jurisdiction which is insufficient to establish personal jurisdiction. *See*, <u>Toys "R" Us</u>, 318 F.3d at 454-55 (holding that as the only two documented sales from defendant to the forum were "orchestrated" by counsel for the plaintiff, they were insufficient to establish jurisdiction).

While it is true that sellers on Amazon, Aliexpress, Ebay, and Walmart may not avoid a U.S. district court's personal jurisdiction solely on the basis that they are located overseas (behind the Great Wall of China or otherwise), Appellants do not propose that conclusion.

Here, the only sale made by Appellants was orchestrated by Appellee in an attempt to manufacture jurisdiction and Appellants made no other contact with the forum state of Pennsylvania. Following the Third Circuit's precedent from <u>Toys "R" Us</u>, this single order made by Appellee for the purpose of manufacturing jurisdiction does not satisfy the traditional minimum-contacts due process analysis. Therefore, the one purchase made by Appellee is an insufficient basis upon which to find personal jurisdiction.

## VII.  <u>Conclusion</u>

Intellectual property infringement suits against anonymous and generally-Chinese ecommerce retailers are filed with increasing frequency, perhaps to parallel the increasing proportion of retail commerce which occurs online. However, the mere *potential* for Appellants to cause injury in a particular forum must not be conflated with *actual* minimum contacts that Appellants had with the particular forum to justify a court's personal jurisdiction there. Plaintiff's "test purchase" from Appellants, alone, does not demonstrate Appellants' purposeful availment of the test purchase's destination (i.e., the forum) and does not qualify as <u>sufficient</u> minimum contacts with the forum such that an action there comports with traditional notions of fair play and substantial justice. For the foregoing reasons, the Order denying Appellants' motion to vacate should be reversed.

Dated:        November 2, 2023

Respectfully submitted,

/s/Thomas E. Reilly
Thomas E. Reilly
Thomas E. Reilly P.C.
1468 Laurel Drive
Sewickley, PA 15143
(724) 933-3500
tereilly@tomreillylaw.com

## VIII. <u>Combined Certifications</u>

### a. Bar Membership

The undersigned hereby certifies pursuant to L.A.R. 46.1 that the attorney whose name appears on the Brief of Appellants was duly admitted to the Bar of the United States Court of Appeals for the Third Circuit in 1981, and is presently a member in good standing at the Bar of said court.

### b. Word Count

The undersigned hereby certifies that this Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4616 words as calculated by the word processing program used in the preparation of this brief.

The undersigned further certifies that this brief complies with the typeface requirements of Fed. R. App. P. (32)(a)(5) and type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Times New Roman (proportional) font.

### c. Identical Compliance of Briefs and Virus Check

The undersigned hereby certifies that the text of the electronic Brief filed by ECF and the text of the hard copies filed or to be filed with the Court are identical. The electronic copy of the Brief has been scanned for viruses using Microsoft Defender Antivirus.

/s/Thomas E. Reilly
Thomas E. Reilly
Thomas E. Reilly P.C.
1468 Laurel Drive
Sewickley, PA 15143
(724) 933-3500
tereilly@tomreillylaw.com

# CERTIFICATE OF SERVICE

I hereby certify that all counsel listed immediately below on this Certificate of Service are Filing Users of the Third Circuit's CM/ECF system and this Corrected Brief is being served electronically on them by the Notice of Docket Activity:

Stanley D. Ference, III

Brian S. Malkin

Howard J. Bashman

Jiyuan Zhang

Dated: 11/02/2023

THOMAS E. REILLY, P.C.

/s/Thomas E. Reilly
Thomas E. Reilly
Thomas E. Reilly P.C.
1468 Laurel Drive
Sewickley, PA 15143
(724) 933-3500
tereilly@tomreillylaw.com